PHILLIP A. TALBERT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTY LYNN FELKINS,<br><br>Defendant. | CASE NO. 2:20-CR-00175-TLN<br><br>UNITED STATES'S SENTENCING MEMORANDUM<br><br>DATE: July 20, 2023<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |
|---|---|

**SENTENCING MEMORANDUM**

**A. Introduction**

The United States files this Sentencing Memorandum in advance of the Judgment and Sentencing Hearing set for July 20, 2023. At the hearing, the United States will join the recommendation of the Probation Officer that the Court sentence the defendant to 87 months of incarceration, 36 months of supervised release, and a $100 special assessment.

**B. No Objections to the Presentence Investigation Report**

On May 16, 2023, the Probation Officer filed the Presentence Investigation Report. PSR, ECF 50. The United States has reviewed the PSR and has no objections to the factual findings and guideline calculations. The Court should adopt the factual findings and guideline calculations in the PSR.

///

C. <u>Defense Objection to the PSR</u>

On June 20, 2023, the defendant filed a formal objection to the PSR. ECF 51. Although styled as a formal objection, the objection is ultimately a policy disagreement with the correctly-applied Guideline. ECF 51 at 1 ("This Court should disregard the guidelines as applied to this case as they were not based on any empirical evidence and do not make good policy sense."). The Court should overrule the objection and instead consider the defendant's policy objection as a request for a variance under 18 U.S.C. § 3553(a). *See Kimbrough v. United States*, 552 U.S. 85 (2007) (discussing that courts may vary from the advisory guideline range based on a policy disagreement with the Sentencing Guidelines).

The Probation Officer correctly calculated the advisory guideline range. In the PSR, the Probation Officer first determined that the applicable guideline range for the offense of conviction (18 U.S.C. § 1958 – use of interstate commerce facilities in the commission of murder-for-hire) is §2E1.4 based on the Statutory Index in Appendix A. Guideline §2E1.4 in turn directs that the base offense level should be the greater of: (1) 32 or (2) the offense level applicable to the underlying unlawful conduct. The underlying unlawful conduct in this case is solicitation to commit murder. The applicable guideline for solicitation to commit murder is §2A1.5 and the base offense level under §2A1.5 is 33. Therefore, in the PSR, the Probation Officer correctly determined the base offense level to be 33 based on application of §2A1.5. PSR ¶ 24.

The defendant objects to application of USSG §2A1.5 to set the base offense level. ECF 51 at 1. Instead, the defendant argues that the correct guideline is §2E1.4. The defendant is wrong. In *United States v. Temkin*, the district court did exactly what the defendant is now asking this Court to do, use §2E1.4 instead of §2A1.5 to set the offense level for a § 1958 conviction. In that case, the Ninth Circuit found that the district court committed procedural error. *United States v. Temkin*, 797 F.3d 682, 693-695 (9th Cir. 2015) ("Temkin's offense level should have been set by U.S.S.G. § 2A1.5"). This Court should overrule the objection because the Ninth Circuit—following the First and Eighth

Circuits—explicitly held that the applicable guideline for a § 1958 conviction is §2A1.5.

### D. Application of Prospective Change to Sentencing Guidelines

The defendant asks the Court to apply a two-level reduction in the defendant's offense level based on a proposed change to the Sentencing Guidelines. ECF 51 at 6–7. The Court should decline to apply the requested two-level reduction when calculating the applicable sentencing guideline range. The Court is required to apply the version of the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a). Unless Congress provides otherwise, a proposed Guidelines amendment takes effect only after a prescribed period of congressional review has elapsed. *See* 28 U.S.C. 994(p); *Stinson v. United States*, 508 U.S. 36, 41 (1993) ("Amendments to the Guidelines must be submitted to Congress for a 6-month period of review, during which Congress can modify or disapprove them."). In this instance, absent Congressional action, the amendment will not take effect until November 1, 2023. If the Court is inclined to apply the two-level reduction before it takes effect, the Court must calculate the Guidelines range under the current version of the Guidelines first. Then, the Court may vary downward, in light of the amendment. If the Court varies downward, the United States asks that the court clearly state that the variance is as a result of the amendment so that the defendant will not receive a further reduction if and when the amendment becomes retroactive.

### E. Victim Allocution

The victim in this case will be personally present at sentencing on July 20, 2023. Pursuant to Rule 32(i)(4)(B), the victim wishes to personally address the Court regarding sentencing. Fed. Rule Crim. P. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard.").

### F. Sentencing Recommendation

The United States joins the recommendation of the Probation Officer that the Court sentence the defendant to a term of incarceration 87 months. In addition, the United

States recommends that the Court sentence the defendant to a term of supervised release of 36 months and a $100 special assessment.

Dated:  July 13, 2023

PHILLIP A. TALBERT
United States Attorney

By:  /s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney