HEATHER E. WILLIAMS, #122664
Federal Defender
LINDA C. HARTER, # 179741
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax: 916-498-5710
Linda_Harter@fd.org

Attorney for Defendant
KRISTY FELKINS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:20-cr-0175-TLN |
| Plaintiff, | MS. FELKINS' SENTENCING MEMORANDUM |
| vs. | Date: July 20, 2023 |
| KRISTY FELKINS, | Time: 9:30 a.m. |
| Defendants. | Judge: Hon. Troy L. Nunley |

## I. INTRODUCTION

The defendant's objections to the presentence report have been addressed in a previously filed memoranda. This memoranda will address the application of the factors listed in 18 USC 3553(a) to the this case.[1] The defense requests that this Court impose a five-year term of supervised probation with conditions including continued counseling and community service. 18 USC 3553(a) directs the Court to impose a sentence that is "sufficient, but not greater than necessary" to address the purposes set forth by the statute. In the unusual situation presented by this case, where the defendant is a first-time offender with no prior history and was suffering from a condition which impaired her judgment, whose 'partner' in this crime was a scam artist and where the defendant poses no future threat to anyone, there is no need to impose a prison sentence. A probationary sentence is sufficient and just.

---

[1] 18 USC 3553(a)(4) and (5) are the Guidelines and Policy matters that are addressed in the previously filed memoranda.

**A. 18 USC 3553(a)(1) – History and Characteristics of the Defendant**

Prior to this incident, Ms. Felkins has never committed or been charged with any criminal act. Ms. Felkins is the mother of four children. Her two older children are teenagers and have written letters to the Court explaining how much their mother does for them and how important she is to their family. The eldest child, now an adult, wrote that she "found security and love" and "…I have my mother and my step father, Matt, to thank for everything that is good in my life". She is scheduled to start college in the fall. Her brother wrote that he is "grateful to have a space and home that I feel safe in" and credits his mother in helping him deal with traumas he suffered at his father's house. He is also doing well in his studies, he has a job and is involved with activities in the community. Just prior to living in Nevada with their mom, the kids lived with their father and they have both indicated it was a home where they felt abused, neglected and unsafe. Emerald is an adult and knows she does not need to return to that environment, but her brother's worst fear is that if his mother is sent to prison he might have to return to live with his father.

Ms. Felkins also has two younger sons with her husband, Matt. The oldest of these children is in elementary school and is home schooled by his mother. Prior to her arrest in this case, Ms. Felkins worked at a private school near her home in Nevada. She resigned after her arrest and her children are now home schooled and thriving. They are involved in 4H activities, church activities and sports. Her son in interested in blacksmithing.

In addition to being a mother and teacher, Ms. Felkins helps at the family home. She and her husband own a ranch where they have livestock including horses, ducks and pigs. Her husband is also a truck driver and when he is away from home working, Ms. Felkins takes care of the ranch. Ms. Felkins is very active in her church and in her community. She earns extra money giving horse lessons and volunteers her time teaching horsemanship skills to at risk kids. In short, Ms. Felkins is a vital member of her family and community. There is a long list of people who depend on her and if she were sent to prison there would be a giant hole in this community and her family.

### B. 18 USC 3553(a)(1) – The Nature and Circumstances of the Crime

This crime was committed after the birth of Ms. Felkins third child, during a period in which Ms. Felkins was suffering from postpartum psychosis. Medical records from that time have been submitted as well as a report by an expert in postpartum conditions. These records and the report make it clear that Ms. Felkins' mental state at the time of this crime was impaired. She made decisions, said things and did things that were completely out of character. Fortunately, although her acts were serious and criminal in nature, nobody was ever in any real danger because the person Ms. Felkins found online to "assist" her was a scam artist who defrauded people all over the country. This scam artist, who has since been arrested, was skilled at encouraging his marks in their bad behavior and getting them to send him money. Ms. Felkins, in her impaired state, was an easy mark. This crime occurred in early 2016. By April of 2016 Ms. Felkins was getting better and stopped communicating with "Besa Mafia". She took no further action. It was over four years and five months later that she was arrested. She immediately gave an honest and full account of her actions.

### C. 18 USC 3553(a)(2)(C) – Protect the Public

This crime took place in the early part of 2016, over seven years ago. During the four years following the crime, prior to her arrest, Ms. Felkins did nothing that posed a threat to any member of the community or to her ex-husband. Following her release from custody in September of 2020 (which her ex-husband did not oppose), Ms. Felkins has been participating in counseling through pretrial services. The service provider has submitted a report to the Court indicating the progress she has made. Neither her treating counselor, nor the expert hired in this case to evaluate Ms. Felkins believe that she poses a threat to the community or to her ex-husband. They agree that Ms. Felkins was suffering from a mental illness that she has been committed to overcoming and that she is extremely well and is not a danger.

### D. 18 USC 3553(a)(D) – Effective Treatment

The statute directs the Court to consider a sentence that would provide the defendant with 'correctional treatment' in an *effective* manner. In this case, Ms. Felkins has already been very committed to correctional treatment. She has an established and successful relationship with a

counselor in her community. The treatment provider has written to the Court saying that she has demonstrated a strong commitment to this ongoing treatment. To send Ms. Felkins to prison would interrupt this treatment and would clearly not be an efficient or more effective way to treat her mental health issues.

### E.  18 USC 3553(a)(2)(B) and (a)(6) – Deterrence and Disparities

In this case, as mentioned above, both the expert and treatment provider believe that Ms. Felkins is committed to treatment and a reoccurrence of this offense is not likely. So, a prison sentence to deter Ms. Felkins from further criminal behavior is not needed. The question then becomes whether she should be sent to prison to deter others from committing this crime or because others who have committed this crime have gone to prison. In other words, is it fair *not* to send her to prison?

Certainly the government and the public have an interest in deterring this sort of behavior and punishing those who try to hire hitmen on the dark web. Fortunately the media has been publicizing this sort of phenomena. In fact, 48 hours did a two-part show on the dark website involved in this case. It was entitled *"Click for a Killer"* and first aired in the fall of 2018, before Ms. Felkins was arrested. This show exposed the dark website, Besa Mafia, as a fraud and attempted to locate the person or persons involved. Harpers Magazine and the New York Times published articles in early 2020 (*Click Here to Kill* and *Can You Really Hire a Hit Man on the Dark Web*). Both of these articles concluded that the evidence is although these dark web sites may present a potential danger in the future, the fact is that they are nearly always scams.

The take away from this, I think, is that this is serious criminal behavior, but that it is not an imminent threat to the citizenry. Further, the media is already doing a good job of publicizing the fact these sites are usually frauds AND that people using them are often caught. The defense did take a look at cases around the country where people committed similar acts and found that some were sent to prison (although below guidelines sentences were commonly imposed as indicated in my previously filed memoranda). I could find no cases with facts similar to this case where a person engaged in this behavior while suffering from a mental illness such as postpartum psychosis. There is not a case where to sentence the defendant to probation would

result in *unwarranted* disparities as there are no similar cases out there. There is simply no evidence in this case that a prison sentence is necessary as general deterrence or to avoid disparities.

**F.  18 USC 3553(a)(7) – Restitution**

There is no issue of restitution in this case. The victim has not, to our knowledge, incurred any expenses that need to be paid for. The defense does suggest, however, that community service hours would be appropriate in this case to allow Ms. Felkins to atone for her criminal behavior by giving back to her community. A sentence of probation would allow this to happen.

**II.   CONCLUSION**

The facts and circumstances of this case are disturbing and unusual. The defendant, while suffering from postpartum psychosis, lost her health care coverage and was untreated. At the time, her children were in the custody of her ex-husband, who she knew to be abusive to herself in the past and who she worried was abusing the kids (which is confirmed by their letters to the Court). She went onto the dark web and found this scam artist known as "Besa Mafia" and 'hired' them to kill her ex-husband. This defendant has, before and since this incident, led an exemplary life. If this Court sentences her to prison, her son may have to go live with his abusive father, the victim of this offense. Her husband, Matt, is available to take care of the youngest kids if she is sent to prison, but her oldest daughter would postpone college to help at home.

In this particular case, the just sentence, a sufficient sentence, is one that does not include a prison term. The just sentence in this case is a five year term of supervised probation with conditions to include continued mental health counseling and community service.

Dated: June 6, 2022                              Respectfully submitted,

                                                 HEATHER E. WILLIAMS
                                                 Federal Defender

                                                 */s/ Linda C. Harter*
                                                 LINDA C. HARTER
                                                 Assistant Federal Defenders
                                                 Attorneys for Defendant KRISTY FELKINS