```
                 IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA


  United States of America,
          Plaintiff,

  vs.                                 Sacramento, California
                                      No. 2:20-cr-00175
  Kristy Lynn Felkins,                Thu., Mar. 17, 2022
          Defendant.                  9:38 a.m.
  _____/
                          TRANSCRIPT OF HEARING
          BEFORE THE HONORABLE TROY L. NUNLEY, DISTRICT JUDGE
                              ---oOo---


  APPEARANCES:

   For the Plaintiff:           United States Attorney
                                501 I Street, Suite 10-100
                                Sacramento, California  95814
                                By:  Paul Hemesath
                                Assistant U.S. Attorney


   For the Defendant:           Office of the Federal
                                Defender
                                801 I Street, 3rd Floor
                                Sacramento, California  95814
                                By: Linda Harter
                                Assistant Federal Defender



   Official Court Reporter:     Kimberly M. Bennett,
                                CSR, RPR, RMR, CRR
                                501 I Street
                                Sacramento, CA 95814



  Proceedings recorded by mechanical stenography, transcript
  produced by computer-aided transcription
```

1      (Court called to order, 9:38 a.m.)
2           THE CLERK: Calling case number three, 20-cr-175,
3   United States versus Kristy Lynn Felkins.
4      On for change of plea, Your Honor.
5           MR. HEMESATH: Good morning, Your Honor. Paul
6   Hemesath on behalf of the United States.
7           THE COURT: Good morning.
8           MS. ALLISON: And good morning, Your Honor.
9           THE COURT: Good morning.
10          MS. ALLISON: Linda Allison from the Federal
11  Defender's on behalf of Kristy Lynn Felkins, who is present in
12  the courtroom.
13          THE COURT: All right. Great. All right. Good
14  morning, Ms. Felkins.
15          THE DEFENDANT: Good morning, Your Honor.
16          THE COURT: Good morning, counsel.
17     All right. Ms. Allison, the Court is informed that your
18  client wishes to enter an open plea of guilty; is that correct?
19          MS. ALLISON: That's correct.
20          THE COURT: All right. Thank you.
21     All right. Madam clerk, please administer the oath.
22          THE CLERK: Please raise your right hand.
23     (Defendant sworn.)
24          THE DEFENDANT: I do.
25          THE COURT: Ms. Felkins, the Court is informed that

1  you wish to enter a plea of guilty in this case; is that
2  correct?
3             THE DEFENDANT:  Yes, Your Honor.
4             THE COURT:  And, ma'am, do you understand that after
5  having been sworn by my clerk, your answers to my questions
6  will be subject to the penalties of perjury for making a false
7  statement if you do not answer truthfully?
8             THE DEFENDANT:  Yes, Your Honor.
9             THE COURT:  All right.  Ma'am, there are a number of
10 questions I will ask you to make sure this is a valid plea.  If
11 you do not understand any of the questions I ask you, or if at
12 any time you need to speak with your lawyer, please say so.  It
13 is very important that you understand each question before you
14 answer.
15    Do you understand what I've just said?
16            THE DEFENDANT:  Yes, sir.
17            THE COURT:  All right.  Please state your true and
18 correct name for the record.
19            THE DEFENDANT:  Kristy Lynn Felkins.
20            THE COURT:  And what is your date of birth?
21            THE DEFENDANT:  March 11, 1985.
22            THE COURT:  And what is your highest level of formal
23 education?
24            THE DEFENDANT:  I have some college education.
25            THE COURT:  And what is your current or most recent

1  occupation?

2          THE DEFENDANT:  Currently I'm a stay-at-home mom.

3          THE COURT:  Ma'am, have you ever been treated for any

4  mental illness?

5          THE DEFENDANT:  I'm currently undergoing counseling.

6          THE COURT:  Are you taking any medication?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Have you ever been treated for addiction

9  to drugs or alcohol?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  All right.  Are you under the influence

12  of any drugs or alcohol today?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Have you consumed any drugs or alcohol in

15  the last 24 hours?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Do either counsel know of any reason why

18  the defendant is not competent to enter a plea here today?

19          MR. HEMESATH:  No, Your Honor.

20          MS. ALLISON:  No, Your Honor.

21          THE COURT:  All right.  Thank you very much.

22     Ms. Felkins, are you fully satisfied with the

23  representation and advice given to you in this case by your

24  attorney?

25          THE DEFENDANT:  Yes, sir.

1              THE COURT:  And are you entering your guilty plea
2    today voluntarily?
3              THE DEFENDANT:  Yes.
4              THE COURT:  Are you entering your plea because you
5    are in fact guilty?
6              THE DEFENDANT:  Yes, sir.
7              THE COURT:  Has anyone made any promises to you of
8    any kind in an effort to induce you to plead guilty in this
9    case?
10             THE DEFENDANT:  No, sir.
11             THE COURT:  Has anyone threatened you or attempted to
12   force you to enter a plea of guilty in this case?
13             THE DEFENDANT:  No, sir.
14             THE COURT:  Are you a citizen of the United States?
15             THE DEFENDANT:  Yes, sir.
16             THE COURT:  Have you ever been convicted of a felony
17   before?
18             THE DEFENDANT:  No, sir.
19             THE COURT:  The -- just a moment.
20       All right.  The offense to which you are offering a plea of
21   guilty is a felony offense.  If your plea is accepted by this
22   Court, you will be found guilty of that offense, and that
23   finding may deprive you of valuable civil rights, such as the
24   right to vote, the right to serve on a jury, and the right to
25   possess any kind of firearm.

1           Do you understand that?
2                   THE DEFENDANT:  Yes, sir.
3                   THE COURT:  All right.  And further, as alleged in
4    the indictment, you are subject to forfeiture proceedings, and
5    the Court may require you to forfeit certain property to the
6    government as a result of your plea in this case.
7           Do you understand that?
8                   THE DEFENDANT:  Yes, sir.
9                   THE COURT:  All right.  The maximum possible penalty
10   provided by law for a plea of guilty to Count 1 of the
11   indictment, murder-for-hire, in violation of 18 USC
12   Section 1958, is up to ten years imprisonment, a fine of up to
13   $250,000, a special assessment of $100, and a period of
14   supervised release of up to three years.
15          In the event you are released from prison and placed on
16   supervised release and you violate any of the terms of that
17   supervised release, you could be sent back to prison for an
18   additional two years.
19          In addition, if an economic loss has been suffered by a
20   victim as a result of your criminal conduct, the Court, in
21   accordance with the Sentencing Reform Act, shall order you to
22   make restitution, unless the Court finds that under the
23   circumstances restitution is not appropriate in your case.
24          Further, a plea of guilty in this case could result in the
25   loss of the right to receive government services and benefits

1  pursuant to 21 USC Section 862 and 862(a).
2     Ms. Felkins, under the Sentencing Reform Act of 1984, the
3  United States Sentencing Commission has issued advisory
4  guidelines for courts to consider in determining the sentence
5  in a criminal case.
6     In addition, there are statutory sentencing factors under
7  18 USC Section 3553(a) which require that the Court consider
8  the nature and circumstances of the offense, and the history
9  and characteristics of the defendant.
10    Have you and your attorney discussed how the advisory
11 Sentencing Commission guidelines and the statutory sentencing
12 factors might apply to your case?
13          THE DEFENDANT:  Yes, Your Honor.
14          THE COURT:  All right.  And after discussing those
15 matters with your attorney, do you understand how the advisory
16 guidelines and statutory factors might apply to your case?
17          THE DEFENDANT:  Yes, sir.
18          THE COURT:  All right.  And do you also understand
19 that this Court will not be able to determine the sentence you
20 will receive until after the Court has reviewed all of the
21 advisory sentencing guidelines, the statutory sentencing
22 factors, the presentence report, and after you, your attorney,
23 the government's attorney, and any victims of this offense have
24 had an opportunity to speak at your sentencing hearing?
25          THE DEFENDANT:  Yes, Your Honor.

1            THE COURT:  And do you also understand that after it
2   has been determined what advisory guidelines apply to your
3   case, this Court does have the authority in some circumstances
4   to impose a sentence that may be higher or lower than the
5   sentence called for by the advisory guidelines?
6            THE DEFENDANT:  Yes, sir.
7            THE COURT:  Do you also understand that parole has
8   been abolished in the federal system, and that you will not be
9   released on parole after you're sentenced to prison?
10           THE DEFENDANT:  Yes, sir.
11           THE COURT:  And do you understand that you do have a
12  right to continue to plead not guilty to this charge at this
13  time?
14           THE DEFENDANT:  Yes, sir.
15           THE COURT:  All right.  And, ma'am, if you plead not
16  guilty, you have the following constitutional rights:
17       You have a right to a trial by jury.
18       You have the right to be presumed innocent.
19       You have a right to have the government prove your guilt
20  beyond a reasonable doubt.
21       You have a right to an attorney, and if you cannot afford
22  one to have one appointed at no cost to you.
23       You have a right to present a defense to the charge.
24       You have a right to see and hear all witnesses and evidence
25  that will be presented against you, and to cross-examine those

1  witnesses at trial.
2      You have a right to use the power of this Court to bring in
3  evidence and witnesses on your behalf in order for you to
4  present your defense.
5      You have a right to remain silent.
6      You have a right to not have your silence or your decision
7  to not present evidence at the trial used against you.
8      Ms. Felkins, do you understand each of your constitutional
9  rights as I've just outlined them to you?
10              THE DEFENDANT:  Yes, sir.
11              THE COURT:  And with the exception of your right to
12  counsel, which you're clearly exercising at this time, do you
13  give up each of your constitutional rights and enter a plea of
14  guilty?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  All right.  Ms. Allison, you join in your
17  client's waiver of constitutional rights?
18              MS. ALLISON:  Yes, Your Honor.
19              THE COURT:  All right.  Thank you.
20      Will the government state the essential elements of this
21  charge so I can be assured defendant understands this charge
22  before I accept her guilty plea.
23      Please listen, ma'am.
24              MR. HEMESATH:  Yes, Your Honor.
25      As to the single count in this indictment, which alleges a

1  violation of Title 18 United States Code Section 1958, use of
2  interstate commerce facilities in the commission of
3  murder-for-hire, the government would have to prove:
4      First, that the defendant used the internet, a facility in
5  interstate or foreign commerce, to communicate in furtherance
6  of the offense.
7      Second, the government would have to prove that the
8  defendant did so with the intent that murder be committed.
9      And, third, the government would also have to prove that
10 the defendant intended that the murder be committed in exchange
11 for payment in Bitcoin.
12         THE COURT:  All right.  Ms. Felkins, did you hear
13 what the government's attorney just said?
14         THE DEFENDANT:  Yes, Your Honor.
15         THE COURT:  Ma'am, do you understand that charge?
16         THE DEFENDANT:  Yes, Your Honor.
17         THE COURT:  Okay.  Great.
18     The Court ordinarily would have the government read a
19 factual basis for the plea.  Because this is an open plea,
20 however, the parties have agreed to stipulate to -- there is a
21 document I have here, but for my purposes, is Exhibit A the
22 factual basis for the plea?
23     And what I would request, I understand the parties have
24 agreed before court today to stipulate to this being the
25 factual basis, but I would request that this be filed with the

1  court, just this particular attachment, the attachment A, the
2  factual basis for the plea, because it's contained within,
3  actually, a plea agreement which really doesn't apply because
4  there is no plea agreement in this case.
5      Is that okay for you, Mr. Hemesath?
6           MR. HEMESATH:  Yes, Your Honor.
7           THE COURT:  Ms. Allison?
8           MS. ALLISON:  May I suggest that we just supply this
9  to probation as a part of the presentence report?
10          THE COURT:  It has to have a way to go with -- stay
11 with the case, though, so that's why we need to put it on the
12 docket, so...
13          MS. ALLISON:  Well, that's why I was suggesting that
14 it stay with the case, because probation is going to need to
15 see it as well, so...
16          THE COURT:  Right.  Right.  It will go to probation.
17 But I'm just saying it will probably -- it will go as a
18 separate entry on the docket, and then it will also be turned
19 over to probation.  Okay.
20     All right.  If you have -- if you guys have anything else
21 worked out, you can let me know, but otherwise I intend to just
22 have it filed on the docket, just these particular two pages.
23          MS. ALLISON:  Two pages.
24          THE COURT:  Yeah.  Yeah.  Just the stipulated factual
25 basis in Exhibit A.

1        Do you see the last two pages of that?  I'm just going to
2   have that -- that on the docket.
3            MS. ALLISON:  Okay.
4            THE COURT:  Not the whole plea agreement.  Are you
5   okay with that?
6            MS. ALLISON:  Yes.
7            THE COURT:  Okay.  Great.  All right.  All right.
8       All right.  Counsel, stipulate to a factual basis as
9   contained within Exhibit A?
10           MR. HEMESATH:  Yes, Your Honor, subject to filing.
11           THE COURT:  All right.  Great.  All right.
12      And, Ms. Felkins, I have to ask you this, have you read the
13  stipulated factual basis in Exhibit A?
14           THE DEFENDANT:  Yes, Your Honor.
15           THE COURT:  All right.  And do you agree with the
16  factual basis as contained within Exhibit A?
17           THE DEFENDANT:  Yes, Your Honor.
18           THE COURT:  Do you agree it contains your conduct in
19  this case?
20           THE DEFENDANT:  Yes.
21           THE COURT:  All right.  Great.
22      All right.  Ma'am, how do you now plead to Count 1 of the
23  indictment, charging murder-for-hire, in violation of 18 USC
24  Section 1958, guilty or not guilty?
25           THE DEFENDANT:  I plead guilty, Your Honor.

1           THE COURT:  All right.  It is the finding of this
2   Court in the case of United States versus Kristy Lynn Felkins
3   that the defendant is fully competent and capable of entering
4   an informed plea.
5       The Court also finds that there is a factual basis
6   established for the defendant's guilty plea, and that the
7   defendant has made a voluntary, knowing, and intelligent waiver
8   of her constitutional rights.
9       The plea is therefore accepted and the defendant is now
10  adjudged guilty of that offense.
11      Ma'am, a written presentence report will be prepared by the
12  probation officer that will assist this Court in sentencing.
13  You will be asked to give information for the report, and your
14  attorney may be present if you wish.  You and your attorney
15  will be able to read the presentence report before the
16  sentencing hearing.  You and your attorney will be given the
17  opportunity to speak on your behalf at the sentencing hearing.
18  If there are any victims of this offense, the victims will also
19  be afforded an opportunity to speak at your sentencing hearing.
20       The date and time for sentencing is hereby set for
21  June 9th -- is that it, Michele?
22            THE CLERK:  That's it, Your Honor.
23            THE COURT:  All right.  June 9, 2022, 9:30 a.m., in
24  this courtroom.
25      Is there any request to remand or allow the defendant to

1  remain out of custody?

2        MS. ALLISON:  Your Honor -- I'm sorry.  With regard
3  to the sentencing date, could we do the following week?

4        THE COURT:  The 17th -- or 16th?

5        MS. ALLISON:  Yes.

6        THE COURT:  All right.  Mr. Hemesath?

7        MR. HEMESATH:  That's fine.

8        THE COURT:  All right.  So we'll put the sentencing
9  on, and Ms. Felkins you are ordered to appear, June 16, 2022,
10  9:30, in this court.

11     Do you understand?

12        THE DEFENDANT:  Yes, Your Honor.

13        THE COURT:  All right.  And the Court will allow you
14  to stay out of custody on the same terms and conditions that
15  were established for your pretrial release, but you do need to
16  understand that it is a separate felony to fail to appear after
17  being ordered to do so by this Court.

18     Do you understand that?

19        THE DEFENDANT:  Yes, Your Honor.

20        THE COURT:  All right.  Great.  Any questions?

21        THE DEFENDANT:  No, sir.

22        THE COURT:  All right.  Thank you.  Thank you very
23  much.  Have a nice day.

24        MR. HEMESATH:  Thank you, Your Honor.

25        MS. ALLISON:  Thank you.

1        THE COURT:  That is the order.

2            (Proceedings adjourned, 9:51 a.m.)

3                        ---oOo---

4   I certify that the foregoing is a correct transcript from the

5   record of proceedings in the above-entitled matter.

6

7                         /s/ Kimberly M. Bennett
                          KIMBERLY M. BENNETT
8                         CSR No. 8953, RPR, CRR, RMR