UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTY LYNN FELKINS,<br><br>Defendant, | No. 2:20-cr-00175-TLN<br><br>**ORDER** |

This matter is before the Court on Kristy Lynn Felkins's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 69.) The motion is fully briefed. (ECF Nos. 75, 76.) For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 17, 2022, Defendant pleaded guilty to murder for hire, in violation of 18 U.S.C. § 1958.  (ECF No. 32.)  On July 20, 2023, the Court sentenced Defendant to a 60-month term of imprisonment followed by a 36-month term of supervised release.  (ECF No. 58.)

Defendant is currently serving her sentence at FCI Waseca in Minnesota and has served approximately 16 months of her sentence.  (ECF No. 69 at 30; ECF No. 75 at 2.)  Her projected release date is July 3, 2027.  (ECF No. 75 at 2.)  On November 27, 2024, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 69.)  Defendant requests the Court reduce her term of imprisonment to time served with her three-year supervised release conditions to be modified to include home confinement.  (*Id.* at 6.)

**II.   ANALYSIS**

A.   Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief is only available,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  In the instant case, it is undisputed Defendant has met this threshold requirement.  (ECF No. 69-1 at 1–9; ECF No. 75 at 2.)

B.   Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021).

The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

The Application Notes to § 1B1.13 define "extraordinary and compelling reasons" to "exist under any of six enumerated circumstances, or a combination thereof, relating to: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) the defendant being a victim of abuse while in custody; (5) other reasons of similar gravity; and (6) an unusually long sentence." U.S.S.G. § 1B1.13 cmt. n. 1; *see also United States v. Morales*, No. 2:16-cr-00241-KJM, 2024 WL 967658, at *2 (E.D. Cal. Mar. 6, 2024) (applying the policy statement of U.S.S.G. § 1B1.13 as amended).

Here, Defendant argues there are two main grounds for her compassionate release. First, under § 1B1.13(b)(3)(A), Defendant contends her compassionate release is warranted given her minor children's caregiver is incapacitated. (ECF No. 69 at 19.) Second, under § 1B1.13(b)(5), Defendant argues her prison sentence has been unusually harsh given she was first sentenced to FCI Dublin before being moved to FCI Waseca, which is over 1,600 miles from her family. (ECF No. 69 at 23–28.) In opposition, the Government argues none of these circumstances constitute "extraordinary and compelling reasons" justifying Defendant's release. (ECF No. 75 at 1.) The Court considers each of Defendant's arguments in turn.

                *i. U.S.S.G. § 1B1.13(b)(3)(A)*

The "death or incapacitation of the caregiver of the defendant's minor child" can support a Defendant's request for a sentencing reduction under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(b)(3)(A). Defendant contends her sister-in-law, Christina Bushnell, is the primary caregiver for her two minor children. (ECF No. 69 at 19–20.) Defendant states Ms. Bushnell is incapacitated because she has a serious medical condition — endometriosis — and requires immediate surgery. (*Id.*) In a letter to the Court, Ms. Bushnell states at least three times a month she is "doubled over and incapacitated due to severe pain" and must undergo a full hysterectomy. (ECF No. 69-3 at 7.) The recovery for the surgery is six to eight weeks. (*Id.*) Ms. Bushnell states she does not know if she can keep taking care of the children if she continues to have these

3

1  medical issues. (*Id.*)  Additionally, Defendant argues that her husband, Matthew Bushnell, cannot
2  serve as the primary caregiver because he works six days a week as a truck driver and is often out
3  of town.  (ECF No. 69 at 20–21; ECF No. 69-3 at 1.)

4  In opposition, the Government contends Defendant fails to establish why Ms. Bushnell's
5  medical condition necessitates her release when it appears there are other family members who
6  can care for her children.  (ECF No. 75 at 3–4.)  Specifically, the Government argues Defendant's
7  contention her husband cannot care for the children given his work is insufficient.  (*Id.* at 4.)
8  Further, the Government suggests Defendant's ex-husband could serve as a caregiver.  (*Id.* at 3.)

9  Courts have granted motions for compassionate release where the primary caretaker was
10 incapacitated and another family member living in the household was working to support the
11 family.  *See, e.g.*, *United States v. Muniz*, No. 4:19-CR-00102-DN, 2024 WL 3488485, at *2 (D.
12 Utah July 19, 2024) (acknowledging there was another family member in the household of
13 defendant's minor children but noting that family member was working to support the family).
14 The Court finds it unreasonable to assume Defendant's ex-husband, who Defendant tried to have
15 murdered, and who is neither the father nor has a relationship with Defendant's minor children,
16 could become their primary caregiver.  (ECF No. 76 at 5.)

17 However, the Court finds Defendant has not provided sufficient evidence establishing
18 extraordinary and compelling reasons that warrant her release.  *See, e.g.*, *United States v. Stanley*,
19 No. 2:16-CR-00093-TLN, 2022 WL 2052603, at *2 (E.D. Cal. June 7, 2022) (denying motion for
20 compassionate release in part because Defendant did not provide medical records confirming
21 familial incapacitation); *cf. United States v. Curl*, No. 3:18-CR-00057-MMD-WGC, 2023 WL
22 6213049, at *3 (D. Nev. Sept. 22, 2023) (granting motion for compassionate release where
23 Defendant provided medical records confirming caregiver's diagnosis).  Further, Defendant's
24 mere statement, without more, that her husband and father of the minor children, cannot serve as
25 the primary caregiver because he works six days a week as a truck driver and is often out of town,
26 is unsupported by any competent evidence.

27 //
28 //

                *ii.  U.S.S.G. § 1B1.13(b)(5)*

If Defendant presents circumstances or a combination of circumstances that are similar in gravity to those listed in U.S.S.G. § 1B1.13(b)(1)–(4), this can constitute an extraordinary and compelling reason to support a motion for compassionate release.  U.S.S.G. § 1B1.13(b)(5). Under this subsection, Defendant argues the harsh conditions of her prison term and her placement in a prison more than 1,600 miles from her family warrants compassionate release. (ECF No. 69 at 22.)

During sentencing, the Court recommended Defendant be placed in FCI Dublin or Victorville — the two closest women's prison facilities closest to her family in Fallon, Nevada. (ECF No. 65 at 35.)  However, the Court cautioned Defendant the recommendation was subject to the security classification of the Defendant and space availability as determined by the Bureau of Prisons.  Defendant served the first seven months of her imprisonment at FCI Dublin before it was shut down.  (ECF No. 69 at 23.)  Defendant argues her time at FCI Dublin was "harder" than it would have been at other institutions.  (*Id.* at 26 (quoting ECF No. 69-8 at 1).)  During the time Defendant was incarcerated at FCI Dublin, a federal judge found inmates at FCI Dublin "had limited to no access to constitutionally adequate medical and mental health care, programming, and timely administrative relief."  (ECF No. 69-8 at 1.)  Additionally, Defendant contends that while she was not sexually assaulted at FCI Dublin, she was "incarcerated in an environment where rape, other forms of sexual assault, and sexual harassment and humiliation by correctional officers were prevalent and tolerated."  (ECF No. 69 at 27–28.)  Defendant states this environment was particularly hard for her given she was a victim of abuse as a child.  (*Id.* at 28.) After FCI Dublin was shut down, Defendant was sent to FCI Waseca — approximately 1,600 miles from her family in Fallon, Nevada.  (ECF No. 69 at 23.)  Defendant contends her family cannot afford to visit her at FCI Waseca, which Defendant states is "extremely difficult."  (*Id.* at 23, 25.)

In opposition, the Government argues that a harsh imprisonment term does not justify compassionate release.  (ECF No. 75 at 4.)  While sympathetic to Defendant's circumstances, the Court agrees with the Government.  Without more, these circumstances do not justify granting

5

Defendant's motion for compassionate release.

In sum, the Court finds Defendant has not established there are extraordinary and compelling circumstances warranting her release. Given the Court finds insufficient evidence supporting Defendant's motion for compassionate release, the Court need not address the § 3553(a) factors. *See United States v. Singh*, No. 2:12-CR-00352-TLN, 2023 WL 1421458, at *4 (E.D. Cal. Jan. 31, 2023), *reconsideration denied*, No. 2:12-CR-00352-TLN-DB, 2023 WL 3093615 (E.D. Cal. Apr. 26, 2023) (declining to address § 3553(a) factors when Defendant failed to establish extraordinary and compelling circumstances).

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Compassionate Release. (ECF No. 69.)

IT IS SO ORDERED.

Date: February 6, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE