UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KRISTY LYNN FELKINS,

Defendant,

No. 2:20-cr-00175-TLN

**ORDER**

This matter is before the Court on Kristy Lynn Felkins's ("Defendant") Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 78.) The motion is fully briefed. (ECF Nos. 82, 83.) For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2022, Defendant pleaded guilty to murder for hire, in violation of 18 U.S.C. § 1958. (ECF No. 32.) On July 20, 2023, the Court sentenced Defendant to a 60-month term of imprisonment followed by a 36-month term of supervised release. (ECF No. 58.) Defendant is currently serving her sentence at FCI Waseca in Minnesota. (ECF No. 82 at 2.) Her projected release date is May 4, 2027. (*Id*.)

On November 27, 2024, Defendant filed her first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("First Motion"). (ECF No. 69.) On February 7, 2025, the Court denied Defendant's First Motion. (ECF No. 77.) On April 4, 2025, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) which seeks the same relief as her First Motion — namely, a reduction of Defendant's term of imprisonment to time served with her three-year supervised release conditions to be modified to include home confinement. (ECF No. 78 at 23.)

## II. ANALYSIS

### A. Defendant Fails to Establish Reconsideration is Warranted

As a threshold matter, the Government argues Defendant has failed to exhaust her administration remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 82 at 2.) The Government contends Defendant instead relies on efforts she undertook to satisfy the exhaustion requirement related to her First Motion. (*Id.* at 3 (citing ECF No. 78-12 and ECF No. 69-1.).) The Government argues because Defendant made no exhaustion efforts after her First Motion was denied, she has not exhausted her administrative remedies as to the instant motion. (*Id.*)

In reply, Defendant does not dispute she did not make any exhaustion efforts after her First Motion was denied. (ECF No. 83.) Instead, Defendant contends she brought the instant motion to supplement her First Motion with additional evidence. (*Id*. at 2.) Defendant argues, therefore, the instant motion functions as a motion for reconsideration which does not require Defendant to go through administration exhaustion again. (*Id*.)

The Court agrees with Defendant. While Defendant's motion is styled as a Second Motion for Compassionate Release, the Court looks to its substance, and not its caption, to

determine its nature. *United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017). Here, Defendant does not raise a new ground for compassionate release but rather, presents evidence which was missing from her First Motion. (*Compare* ECF No. 78, *with* ECF No. 69.) Specifically, Defendant submits additional evidence regarding her sister-in-law's, Christina Bushnell, incapacitation and her husband's, Matthew Bushnell, work schedule as it relates to his ability to serve as a primary caretaker for Defendant's young children. Therefore, the Court construes Defendant's motion as one for reconsideration. "The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)). Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018). Here, Defendant fails to demonstrate any articulable reason "why the facts or circumstances were not shown at the time of the prior motion." *Braswell*, 2018 WL 8805375, at *1. As such, Defendant fails to meet her burden to show reconsideration is warranted.

B. Defendant Fails to Establish Extraordinary and Compelling Reasons Exist

However, even if Defendant had met her burden to show reconsideration is warranted, the Court would deny Defendant's motion based on the lack of extraordinary and compelling reasons for her release. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). As stated in the Court's previous order, Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant contends her compassionate release is warranted given her minor

children's caregiver is incapacitated. (ECF No. 78 at 10–12.) As in her First Motion, Defendant contends Ms. Bushnell is the primary caregiver for her two minor children. (*Id.*) Defendant states Ms. Bushnell is incapacitated because she has a serious medical condition — endometriosis — and requires immediate surgery. (*Id.*) Additionally, Defendant argues that her husband, Matthew Bushnell, cannot serve as the primary caregiver because he works six days a week as a truck driver and is often out of town. (*Id* at 9–10.)

The Court finds the circumstances do not establish extraordinary and compelling reasons that warrant Defendant's release. While Defendant now provides evidentiary support which may support a finding that Ms. Bushnell is incapacitated, Ms. Bushnell is not the sole caregiver for Defendant's minor children. (*Id.*) The Court has no reason to believe Mr. Bushnell is incapacitated. Therefore, there are no extraordinary and compelling reasons that warrant Defendant's release. *United States v. Dogan*, No. 2:16-CR-00198-JAM-1, 2020 WL 4208532, at *3 (E.D. Cal. July 22, 2020) (holding defendant's family circumstances did not serve as extraordinary and compelling reasons for modifying her sentence where defendant's children had caretakers stating that while caring for children fulltime "is increasingly challenging, [] it is neither unusual nor insurmountable").

As Defendant has not established there are extraordinary and compelling circumstances warranting her release, the Court need not address the § 3553(a) factors. *See United States v. Singh*, No. 2:12-CR-00352-TLN, 2023 WL 1421458, at *4 (E.D. Cal. Jan. 31, 2023), *reconsideration denied*, No. 2:12-CR-00352-TLN-DB, 2023 WL 3093615 (E.D. Cal. Apr. 26, 2023) (declining to address § 3553(a) factors when Defendant failed to establish extraordinary and compelling circumstances).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Compassionate Release. (ECF No. 78.)

IT IS SO ORDERED.

Date: May 12, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE